UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSE G. HERNANDEZ, JR,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 1:18-cv-00321-CDB

ORDER GRANTING MOTION AND AWARDING ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

(Doc. 23)

Pending before the Court is the motion of Young Cho ("Counsel") of the Law Offices of Lawrence D. Rohlfing, attorney for Jose G. Hernandez, Jr. ("Plaintiff"), for the award of attorney's fees pursuant to 42 U.S.C. § 406(b), filed September 30, 2022. (Doc. 23). The Court has considered the response of the Commissioner of Social Security ("Defendant" or "the Commissioner") and Mr. Cho's reply. (Docs. 28, 29). For the reasons set forth below, the motion will be granted.[1]

**Background**

On February 20, 2018, Plaintiff and Counsel entered into a contingency fee agreement. (Doc. 23-1). The parties agreed to an attorney's fee equal to 25% of the past-due benefits

---

[1] Both parties consented to the jurisdiction of a magistrate judge for all proceedings in this action, in accordance with 28 U.S.C. § 636(c)(1). (Docs. 7-8).

awarded, pursuant to 42 U.S.C. § 406(b) or such amount as the Commissioner may designate under 42 U.S.C. § 406(a)(2)(A), less any fees received under the Equal Access to Justice Act ("EAJA"). *Id*. On March 6, 2018, Plaintiff brought this action seeking judicial review of a final administrative decision denying Plaintiff's claim for disability insurance benefits and supplemental security income under the Social Security Act. (Doc. 1). On November 28, 2018, Plaintiff filed his opening brief. (Doc. 15). The Commissioner filed a reply brief on February 1, 2019. (Doc. 18). Thereafter, the Court issued an order remanding the action pursuant to sentence four of 42 U.S.C. § 405(g). The Court found that the administrative law judge ("ALJ") erred in his evaluation of Plaintiff's residual functional capacity ("RFC") and failed to apply the correct legal standards. (Doc. 19 p. 12). Thereafter, the Court issued an order on the parties' stipulation for payment of $4,300.00 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. 22). The U.S. Department of Treasury applied the entirety of this amount to offset Plaintiff's outstanding debts. *See* (Doc. 23-4).

On remand, the Commissioner found Plaintiff has been disabled since November 12, 2013. (Doc. 23-1 p. 13). Plaintiff was awarded $61,339.52 in retroactive benefits. (Doc. 23-3 p. 3). The award letter did not provide a cumulative total of past due benefits but instead indicated benefits due for various periods. *See id*. The Commissioner calculated that based on the 25% withheld for potential payment of attorney fees, the total past-due benefit appears to be $15,334.88. (Doc. 28 p. 2 n.2).

On September 30, 2022, Counsel filed the instant motion. (Doc. 23). Plaintiff was served with the motion and advised he had 14 days to object. *Id*. at 2. Plaintiff filed no objections objection or any other response. On October 12, 2022, the Commissioner of Social Security ("Defendant") filed a response to Plaintiff's motion. (Doc. 28). Defendant summarized the applicable law but took no position on the reasonableness of the fee request. *Id*. Counsel filed a reply on October 14, 2022. (Doc. 29). Counsel represents that he will not seek any fees under 42 U.S.C § 406(a). (Doc. 23 p. 7).

/ / /

**Standard of Review**

42 U.S.C.§ 406(b) provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may…certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C.§ 406(b)(1)(A). In connection with a prevailing plaintiff's application for attorney's fees, the Commissioner typically does not act as an adversary, but "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002). Thus, "[b]ecause the [Commissioner] has no direct interest in how much of the award goes to a counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009); *see Gisbrecht*, 535 U.S. at 807-08 & n.17 (the 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee requested is reasonable).

When weighing the adequacy of a requested attorney's fees, the Court should respect "the primacy of lawful attorney-client fee agreements." *Gisbrecht*, 535 U.S. at 793. However, counsel still bears the burden of proving the requested fees are reasonable. *Id*. at 807. In determining reasonableness, the court may consider the experience of the attorney, the results achieved, and whether there is evidence the attorney artificially increased the hours worked or the hourly rate charged. *Id*. at 807-08; *Crawford*, 586 F.3d at 1151. Further, any 406(b) award is offset by attorney fees granted under the EAJA. *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1219 (9th Cir. 2012).

**Discussion**

Here, Plaintiff was represented by experienced counsel and achieved a favorable result, namely a remand on the merits of his brief, and ultimately a substantial award of past-due benefits. (Docs. 15, 19-20, 23-3). The undersigned has reviewed the docket in this matter and

concludes there is no indication that Counsel engaged in dilatory conduct, excessive delay, or substandard performance. *See* (Docs. 23, 25-5).

Counsel's itemized invoice for services reflects 23.3 hours spent on tasks such as reviewing the administrative transcript and pursuing the case to judgment, which the Court assesses is a reasonable amount of time for performance of those tasks. (Doc. 25-5). Counsel requests $15,334.00 in fees, resulting in an hourly rate of $658.11. Counsel avers that the effective hourly rate requested does not amount to a windfall based on similar awards granted. *See* (Doc. 23 at 5-6) (citing cases). The Ninth Circuit has found higher hourly rates reasonable in social security contingency fee arrangements. *E.g.*, *Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519.00, $875.00, and $902.00) (J. Clifton, concurring in part and dissenting in part). Even at this higher rate, the amount requested cannot be said to amount to a windfall to Plaintiff's counsel. *Id. See Smith v. Kijakazi*, No. 1:13-cv-01717-BAK (SKO), 2022 WL 1471035, at *2 (E.D. Cal. May 10, 2022) (collecting cases finding that similar amounts in attorneys' fees requested were appropriate).

Furthermore, since the EAJA fee award was utilized to pay a debt owed (Doc. 23-4), the Court will not order an offset for the prior EAJA fee award. *See, e.g. Armstrong v. Comm'r of Soc. Sec.*, No. 2:15-cv-1344-DMC, 2020 WL 133948, at *2 n.2 (E.D. Cal. Jan. 13, 2020) (declining to order an offset from a prior EAJA award because "[a]llowing an offset would have the effect of making counsel pay off plaintiff's federal debt obligation."); *Powers v. Berryhill*, No. 1:15-cv-00077-EPG, 2018 WL 3203098, at *2 (E.D. Cal. June 28, 2018) (finding reimbursement of EAJA fees to Plaintiff unnecessary after EAJA payment being set against Plaintiff's federal debt); *Salinas v. Comm'r of Soc. Sec.*, No. 1:15-cv-00976-EPG, 2022 WL 484905, at *4 (E.D. Cal. Feb. 16, 2022) (same).

Based on the foregoing, the Court finds the request for fees in the amount of $15,334.00 to be reasonable. *Gisbrecht*, 535 U.S. at 807-08.

/ / /

/ / /

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED

1. Counsel for Plaintiff's motion for award of attorney's fees pursuant to 42 U.S.C. § 406(b) (Doc. 23) is GRANTED;
2. Counsel shall be awarded attorneys' fees in the amount of Fifteen Thousand, Three-Hundred and Thirty-Four Dollars ($15,334.00), with no offset for EAJA fees previously awarded pursuant to U.S.C § 2412; and
3. The Clerk of the Court is respectfully directed to serve a copy of this Order on Plaintiff at the following address:

Jose G. Hernandez, Jr.
2530 W. Fountain Way Apt 105
Fresno, CA 93705

IT IS SO ORDERED.

Dated: **February 6, 2024**

UNITED STATES MAGISTRATE JUDGE